**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-62119-CIV-HUCK**

OMEGA SA, *et al.*

       Plaintiffs,

vs.

COPYOMEGAWATCHES.CO, *et al.*

       Defendants.
_____/

## DECLARATION OF VIRGILIO GIGANTE IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS

I, Virgilio Gigante, declare and state as follows:

1. I am an attorney duly authorized and licensed to practice before this Court, and I am one of the counsels of record for Plaintiffs, Omega SA, Blancpain SA, Compagnie des Montres Longines, Francillon S.A., Glashütter Uhrenbetrieb GmbH, Hamilton International AG, Montres Breguet S.A., Rado Uhren AG, and Tissot SA (collectively, "Plaintiffs"), in the above captioned action. I submit this Declaration in support of Plaintiffs' Motion for Entry of Final Default Judgment against Defendants, the Individuals, Business Entities, or Unincorporated Associations identified on Schedule "A" attached to Plaintiffs' Motion for Entry of Final Default Judgment (collectively "Defendants") and, if called upon to do so, I could and would competently testify to the following facts set forth below.

2. Prior to filing this action, my firm accessed the commercial Internet websites operating under the domain names identified on Schedule "A" attached to Plaintiffs' Complaint (the "Subject Domain Names").[1] The websites advertise, offer for sale, and/or promote products

---

[1] Some Defendants use their Subject Domain Names to act as supporting domain names to direct

bearing counterfeits and infringements of one or more of Plaintiffs' trademarks at issue. Defendants have structured their website businesses so that the primary means for customers to purchase Defendants' goods at issue is by placing an order electronically. Defendants purport to take and confirm orders online as well via e-mail, and they communicate with customers via electronic means, including e-mail and onsite contact forms. True and correct copies of the relevant web pages reflecting samples of the Internet websites operating under the Subject Domain Names displaying Plaintiffs' branded items offered for sale are attached as Composite Exhibit "9" to Plaintiffs' Complaint.

3. On October 12, 2021, Plaintiffs filed their Complaint for Injunctive Relief and Damages in this action against Defendants [ECF No. 1].

4. On October 12, 2021, Plaintiffs filed their Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Motion for Alternate Service") [ECF No. 5], which the Court granted on October 20, 2021 [ECF No. 7], authorizing Plaintiffs to serve the Summonses, Complaint, and all subsequent filings in this matter upon Defendants via electronic mail ("e-mail") and by posting copies of the same on Plaintiffs' serving notice website appearing at the URL http://servingnotice.com/Qs3o12/index.html.

---

traffic to their fully interactive, commercial websites operating under other Subject Domain Names, from which consumers can complete purchases. Some of the supporting domain names, when accessed directly, appear to be blog style or non-operating websites; however, when visited from a search engine such as Google, visitors are redirected to the fully interactive websites operating under other Subject Domain Names. Other supporting domain names either automatically redirect and forward to a fully interactive, commercial Internet website operating under one of the Subject Domain Names or redirect a consumer to a fully interactive, commercial Internet website operating under one of the Subject Domain Names upon clicking a product or link on the website. Accordingly, the web pages for the Subject Domain Names which operate as redirecting websites are included with the web pages to which those sites redirect, as shown in Composite Exhibit "9" to the Complaint.

5. Pursuant to the Court's Order Granting Plaintiffs' Motion for Alternate Service, Plaintiffs served Defendants with their respective Summons and a copy of the Complaint via e-mail and/or website posting on November 4, 2021. (See [ECF No. 17], Proof of Service on file with the Court.)

6. The time allowed for Defendants to respond to the Complaint has expired.

7. To date, Defendants have not filed any responsive pleadings to the Complaint, have not requested an enlargement of time to respond to the Complaint, nor have Defendants entered a formal appearance *pro se* or by counsel on their behalf.

8. I am informed and believe that none of the Defendants are infants or incompetent persons, and, upon information and belief, the Servicemembers Civil Relief Act does not apply.

9. On January 18, 2022, Plaintiffs filed their Request for Clerk's Entry of Default [ECF No. 20], and the Clerk subsequently entered default against each Defendant on January 18, 2022, for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure [ECF No. 21].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of January, 2022, at Fort Lauderdale, Florida.

_____
Virgilio Gigante